UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO.: 5:26-CV-236-BJB

KAREY MARTINEZ as Administrator
of the Estate of PATRICK MARTINEZ PLAINTIFF

v. **AMENDED COMPLAINT**

LANCE NOSBUSCH in his individual and official capacity as a Deputy at the Christian County Sheriff's Office; and TYLER DEARMOND in his individual and official capacity as Sheriff at the Christian County Sheriff's Office DEFENDANTS

****** **** **** ******

Comes the Plaintiff, Karey Martinez ("Mrs. Martinez"), by counsel, and for her First Amended Complaint against the above referenced Defendants, hereby states as follows:

## PARTIES, JURISDICTION & VENUE

1. At all times relevant hereto, Plaintiff, Mrs. Martinez, is and was a resident of Hopkinsville, Christian County, Kentucky. Plaintiff was appointed Administrator of her late husband's Estate on August 4th, 2025.[1]

2. Upon information and belief, Defendant Nosbusch is and was an employee at the Christian County Sheriff's Office and can be served at 701 West 7th Street, Hopkinsville, Kentucky 42240.

3. Upon information and belief, Defendant DeArmond is and was the Sheriff at the Christian County Sheriff's Office and can be served at 701 West 7th Street, Hopkinsville, Kentucky 42240.

[1] Probate Records at 3-4, attached as **Exhibit A.**

4. Venue is proper in this Court because the acts and omissions giving rise to Plaintiff's causes of action occurred in Christian County, Kentucky.

## FACTUAL BACKGROUND

5. Patrick Martinez ("Mr. Martinez") tragically and unnecessarily died as a result of the Defendants' conduct. His death was caused by the actions, inactions, conscious disregard, willful and wanton conduct, and depraved behavior of the Defendants in this case.

6. On or about March 16, 2025, Christian County Officers responded to a 911 call from the Plaintiff, Karey Martinez, in regard to a domestic disturbance at the Martinez residence.

7. Defendant Nosbusch arrived at the Martinez residence and immediately deployed his rifle without prior contact with Mr. Martinez or other officers located at the scene.

8. Defendant Nosbusch unlawful entered the garage of the Martinez home without a warrant

9. On or about March 16, 2025, Defendant Nosbusch shot his rifle and killed Mr. Martinez within the Martinez's residence.

10. Defendant Nosbusch was the only officer on scene to fire his weapon and ultimately killing Mr. Martinez.

11. Defendant Nosbusch admitted to firing his weapon at Mr. Martinez until he blacked out.

12. Defendants acknowledged Mr. Martienz was still breathing and failed to apply reasonable medical aid to Mr. Martienz, resulting in Mr. Martinez death.

13. Mr. Martinez was found to sustain seventeen gunshot wounds to his person.

14. Mr. Martinez's death was tragic, avoidable, and caused by the Defendants' objectively unreasonable and excessive use of deadly force, deliberate indifference to his safety and the risk of such force, negligence, gross negligence and negligence *per se*. Now, Mr. Martinez's wife, Mrs.

Martinez, brings this action to illuminate the truth, obtain some measure of justice for her husband's death and to recover damages sustained as a result of Defendants' conduct, and seek punitive damages to punish Defendants' conduct and to forever deter such conduct from happening again.

**COUNT I**
***MONELL* LIABILITY**
**42 U.S.C. § 1983**
**(All Defendants)**

15. Plaintiff incorporates by reference each and every allegation previously set forth in this Complaint as if fully restated herein.

16. At all times relevant to this Complaint, Defendants acted under color of state law.

17. Upon information and belief, Defendants knew and/or reasonably should have known about the repeated acts of deliberate indifference to Mr. Martinez's safety.

18. Defendants' respective training programs were inadequate to train their employees to carry out their duties so much so that the Defendants failed to adequately hire, train, supervise, or discipline their employees.

19. Defendants' respective failures to adequately hire, train, supervise, or discipline their employees or independent contractors amounted to deliberate indifference for the safety of Mr. Martinez and other members of the public.

20. Defendants' respective failures to adequately hire, train, supervise, or discipline their employees proximately caused the violation of Mr. Martinez's rights.

21. The acts, omissions, and/or deliberate indifference by Defendants resulted in the deprivation of Mr. Martinez's constitutional rights including, but not limited to, the right to not be deprived of life, liberty or property without due process of the law, as guaranteed by the 14th Amendment to the U.S. Constitution; and the right to be free from excessive force, as guaranteed by the 4th Amendment to the U.S. Constitution.

22. In addition to compensatory damages, interest, expenses, and court costs, Plaintiff is entitled to an award of reasonable attorney fees and costs pursuant to 42 U.S.C. § 1983.

**COUNT II**
**EXCESSIVE FORCE AND DELIBERATE INDIFFERENCE**
**42 U.S.C. § 1983**
**(All Defendants in Their Individual Capacities)**

23. Plaintiff incorporates by reference each and every allegation previously set forth in this Complaint as if fully restated herein.

24. At all times relevant to this Complaint, Defendants acted under color of state law.

25. Defendant Nosbusch's use of deadly force against Mr. Martinez was objectively unreasonable under the totality of the circumstances and was not justified by any imminent threat to Defendant Nosbusch or others.

26. In shooting and killing Mr. Martinez inside his own home, Defendant Nosbusch used excessive and unreasonable force in violation of Mr. Martinez's right to be free from unreasonable seizures under the 4th Amendment to the U.S. Constitution.

27. Defendant DeArmond was personally aware of, and deliberately indifferent to, a substantial risk that Defendant Nosbusch would use excessive force, and DeArmond's failure to act was a moving force behind the deprivation of Mr. Martinez's constitutional rights.

28. As a direct and proximate result of Defendants' conduct, Mr. Martinez was deprived of his life and of his rights under the 4th and 14th Amendments, and Plaintiff sustained damages.

29. Defendants acted with reckless or callous indifference to Mr. Martinez's constitutional rights, entitling Plaintiff to punitive damages against them, together with reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1983.

**COUNT III**
**NEGLIGENCE/GROSS NEGLIGENCE/WRONGFUL DEATH**
**(All Defendants in Their Individual Capacities)**

30. Plaintiff incorporates by reference each and every allegation previously set forth in this Complaint as if fully restated herein.

31. It was Defendants' duty to exercise ordinary care for the safety of other persons, including Mr. Martinez, to avoid foreseeable injuries.

32. Defendants knew or should have known that Mr. Martinez was at risk of injury and death.

33. Defendants breached their duty to Mr. Martinez which was a substantial factor in causing Mr. Martinez's injuries and death.

34. As a direct and proximate result of Defendants' breaches, Mr. Martinez suffered fatal injuries and death, and Plaintiff, as Administrator of his Estate, has sustained damages recoverable under KRS 411.130, including but not limited to funeral and burial expenses, the destruction of Mr. Martinez's power to earn money, and the loss of his life. Defendants' conduct constituted gross negligence and a reckless disregard for Mr. Martinez's safety, entitling Plaintiff to punitive damages.

**COUNT IV**
**DEPUTY'S ACTS AND OMISSIONS**
**KRS 70.040**
**(Defendant DeArmond)**

35. Plaintiff incorporates by reference each and every allegation previously set forth in this Complaint as if fully restated herein.

36. A sheriff is liable for the acts and omissions of his deputies.

37. Upon information and belief, Defendant DeArmond is and was the acting Sheriff of the Christian County Sheriff's Office.

38. Defendant DeArmond knew or should have known that Defendant Nosbusch was a danger to Mr. Martinez.

39. Defendant DeArmond breached his duty to Mr. Martinez which was a substantial factor in causing Mr. Martinez's injuries and death.

**WHEREFORE**, Plaintiff respectfully requests the Court grant the following relief:

1. An award against the defendants in an amount to be determined by the trier of fact in excess of the jurisdictional threshold of this Court;
2. An award of all costs and fees expended herein, including reasonable attorney's fees;
3. An award of pre-judgment interest from the date of Mr. Martinez's death until such time the judgment is paid;
4. For a trial by jury on all issues so triable; and,
5. Any and all other relief at law or equity to which she may be entitled.

Respectfully submitted,

*/s/ James M. Yoder*
James M. Yoder
Yoder Law
175 E. Main Street, Suite 201
Lexington, Kentucky 40507
(859) 948-1161
Fax: 859-832-1603
james@yoder.law
caylee@yoder.law
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certified that on this Thursday, September 17, 2026, the forgoing document was filed with the CM/ECF filing system and that a true and accurate copy was served via electronically to the following:

L. Scott Miller
Brittany O'Neil
Emily B. Pence
L.S Miller Law, PLLC
333 West Vine Street, Ste 1720
Lexington, Kentucky 40507
(859) 456-2244
lsmiller@lsmlaw.com
boneil@lsmlaw.com
epence@lsmlaw.com
*Counsel for Defendants*

*/s/ James M. Yoder*
James M. Yoder

AOC-825 Doc. Code: BF
Rev. 2-17
Page 1 of 2

Commonwealth of Kentucky
Court of Justice *www.courts.ky.gov*

KRS 62.060; 395.130; 395.140; 454.180 -.185

# FIDUCIARY BOND

Case No. 25-P-00275
Court District
County Christian
Division Civil/Probate

FILED
PAIGE PARKER, CLERK
AUG 04 2025
CHRISTIAN COUNTY, KENTUCKY
BY ______ D.C.

IN RE: Estate of PATRICK JOSEPH MARTINEZ, JR.

Address: 3179 CLARK STORE SINKING FORK ROAD
CROFTON, KENTUCKY 42217

The Fiduciary named below having been appointed to act as ADMINISTRATOR by the order of CHRISTIAN DISTRICT Court on ______, 2____, states the Fiduciary and Surety do hereby covenant to and with the Commonwealth of Kentucky in the sum of $______ for the use and benefit of all parties of interest herein, and the Fiduciary will faithfully perform and discharge all duties of the aforesaid trust according to law.

**Name of Fiduciary:** KAREY ELIZABETH MARTINEZ

**Signature of Fiduciary:** [signature]

Address: 3179 CLARK STORE SINKING FORK ROAD
CROFTON, KENTUCKY 42217

**Name of Surety:** ______

**Signature of Surety:** ______

Address: ______

**Name of Surety:** ______

**Signature of Surety:** ______

Address: ______

*(Each individual Surety other than licensed surety companies, banks and trust companies must complete the Affidavit of Surety on page 2 of this form)*

Taken and subscribed before me on this 4 day of Aug, 2025

Paige Parker Clerk

By: S Cunningham D.C.

**Attorney's Signature:** [signature] Phone No.: 270-569-0006

Attorney's Name (*Printed*): JONATHON GARNETT

Address: 203 EAST 9TH STREET
HOPKINSVILLE, KENTUCKY 42240

**Date:** 84, 2025 **Approved:** [signature] Judge

Filed 25-P-00275 07/14/2025 Paige Parker, Christian Circuit Clerk